NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0072n.06
Filed: January 23, 2008

No. 07-1174

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| Jacob R. Ely, | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) |

Before:      KEITH and CLAY, Circuit Judges; and HOOD, District Judge.[*]

**DAMON J. KEITH, Circuit Judge.** Defendant Jacob R. Ely appeals the sentence entered

against him on January 11, 2007 by the Honorable Robert Holmes Bell of the United States District

Court for the Western District of Michigan. Defendant alleges that his sentence was unreasonable

because the district court did not sufficiently consider the fact that his classification as a career

offender was based on "relatively minor" past convictions. For the following reasons, we hold that

Defendant's sentence was reasonable and that the district court sufficiently considered the gravity

of Defendant's past convictions. Therefore, we **AFFIRM** the sentence imposed by the district court.

## I. FACTUAL BACKGROUND

On January 20, 2006, at approximately 1:36 p.m., Jacob R. Ely, dressed in a dark hooded

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

sweatshirt, gray gloves, and dark pants, pulled a dark stocking cap/ski mask over his head and entered Citizens Credit Union in Kalamazoo, Michigan. Upon entering the credit union, he approached a teller, announced that he had a gun, and demanded she provide him the money contained in her top and bottom teller drawers. While the teller placed the money in Mr. Ely's backpack, Mr. Ely brandished a small handgun in his left hand. After retrieving the money, Mr. Ely exited through the credit union's parking lot.

Shortly thereafter the Kalamazoo Department of Public Safety (KDPS) police officers canvassed the neighborhood surrounding the credit union and spoke with an employee of a nearby restaurant. The restaurant employee reported that an individual matching Mr. Ely's description had entered the restaurant moments before the robbery and inquired about employment. The man had left a note with a name and telephone number. The investigators came up with Defendant's name and an address based on this information. The investigators spoke with acquaintances of Mr. Ely and learned that he had left Michigan and was traveling to Corpus Christi, Texas. They also learned that Mr. Ely had absconded parole and had an outstanding parole violation warrant.

It was eventually discovered that Mr. Ely was staying in a hotel room at the Valley Motel in Corpus Christi. After investigators observed Mr. Ely in the motel parking lot, they placed him under arrest. Mr. Ely identified himself and consented to a search of his motel room. There police found a total of $2,109.00 in proceeds. Credit Union officials reported that Mr. Ely had stolen a total of $8,693.00.

Mr. Ely was interviewed at the Mecosta County Jail in the presence of counsel. He admitted to the robbery and entered into a plea agreement. Mr. Ely pled guilty to one count of aggravated

credit union robbery in violation of 18 U.S.C. § 2113(a), (d), and (g). The presentence report calculated Mr. Ely's base offense level as 20. Two levels were added because a financial institution was robbed. Three levels were added because a dangerous weapon was possessed. Three levels were deducted for acceptance of responsibility. Thus, Mr. Ely's total offense level was 22. However, the pre-sentence officer determined that Defendant was a career offender because of two previous controlled substance convictions and another conviction for a crime of violence. Consequently, Mr Ely's offense level was raised from 22 to 31. In addition, because of his prior convictions, Defendant received a criminal history score of VI.

Based on Mr. Ely's offense level and criminal history category, the Sentencing Guidelines range for imprisonment was 188 to 235 months. Mr. Ely submitted a sentencing memorandum asking the court to consider that the career offender guidelines do not take into account the relative seriousness of the prior offenses. Defendant requested that the sentencing court consider what he deemed as "minor" past offenses, particularly when compared to the 10-12 year impact of the career offender classification. The district court acknowledged receipt of Defendant's sentencing memorandum and the arguments contained therein, and sentenced Defendant to 180 months in prison. Defendant appeals the district court's decision, as he feels that even more leniency should have been given.

## II. DISCUSSION

This Court reviews sentencing decisions for reasonableness. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). Factual findings are reviewed for clear error and conclusions of law

are reviewed *de novo*. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). This Court

has held that a sentence may be procedurally unreasonable "if the district judge fails to consider the

applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a),

and instead simply selects what the judge deems an appropriate sentence without such required

consideration." *Collington*, 461 F.3d at 808 (internal citations omitted). A sentence may be

substantively unreasonable "when the district court select[s] the sentence arbitrarily, bas[es] the

sentence on impermissible factors, [or] fail[s] to consider pertinent § 3553(a) factors or giv[es] an

unreasonable amount of weight to any pertinent factor." *Id*. (internal citations omitted).

In the instant matter, Defendant argues that his sentence was unreasonable because the

district court did not sufficiently consider the fact that his classification as a career offender was

based on "relatively minor" past convictions.[1] (Appellant's Brief at 14.) We disagree. The record

reveals that the district court did consider that fact, and consequently the pertinent § 3553(a) factors,

as the court stated,

> . . . this Court has received sentencing memorandum prepared by [Defendant's
> attorney] . . . putting heavy emphasis as he has and as the presentence report did on
> the fact that Mr. Ely's record caused under the guidelines for this matter to be
> deemed – him to be deemed a career criminal for purposes of sentencing
> consideration.

(J.A. 34.)

Moreover, it appears that the court agreed, at least in part, with Defendant's claim for a

---

[1]Specifically, Defendant was convicted for the delivery of marijuana twice, once when he was 18 and once when he was 21, and for fleeing and eluding a police officer.

lighter sentence, as it imposed a below the Guidelines sentence.[2]  Although Defendant would have

preferred an even lower sentence, as would most defendants, that does not make his current sentence

unreasonable.  As the district court both considered the applicable Guideline range and Defendant's

argument for a lenient sentence, the district court's decision should be affirmed.

### III.  CONCLUSION

For the aforementioned reasons, we **AFFIRM** Defendant's sentence.

---

[2]The Guidelines call for a sentence ranging from 188-235 months in prison, Defendant received a sentence of 180 months in prison.